127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert MOUNTS, Plaintiff-Appellant,
v.
McDONNELL DOUGLAS CORPORATION; International Association of
Machinists and Aerospace Workers, Defendants-Appellees.
 No. 97-55151.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997.**
Decided Oct. 27, 1997.
 
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Mounts appeals the district court's entry of summary judgment for defendants McDonnell Douglas Corporation ("MDC") and International Association of Machinists and Aerospace Workers ("MDC") in Mount's action under the Labor Management Relations Act, 29 U.S.C. § 185. We review de novo the district court's grant of summary judgment. See Peters v. Burlington N. R.R. Co., 931 F.2d 534, 537 (9th Cir.1990). Whether a union's conduct amounted to a breach of the duty of fair representation is a mixed question of law and fact also subject to de novo review. See id. at 538. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Mounts contends that IAM breached its duty of fair representation by failing to perform an adequate investigation into the allegedly unexcused absences from work which resulted in Mounts' termination.
 
 
 4
 A union breaches its duty of fair representation when its conduct toward a member of the collective bargaining unit is "arbitrary, discriminatory, or in bad faith." See Dutrisac v. Caterpillar Tractor Co., 749 F.2d 1270, 1272 (9th Cir.1983) (internal quotation omitted). In deciding whether IAM fulfilled its duty to Mounts, the issue is not whether we find his grievance is meritorious, but whether the Union pursued the claim in good faith. See Vaca v. Sipes, 386 U.S. 171, 193 (1967). A breach of the union's duty is found where it is clear "that the union failed to perform a procedural or ministerial act, that the act in question did not require the exercise of judgment and that there was no rational and proper basis for the union's conduct." See Peterson v. Kennedy, 771 F.2d 1244, 1254 (9th Cir.1985). As we have stated:
 
 
 5
 We have never held that a union has acted in an arbitrary manner where the challenged conduct involved the union's judgment as to how best to handle a grievance.... It is for the union, not the courts, to decide whether and in what manner a particular grievance should be pursued.
 
 
 6
 Id.
 
 
 7
 The Union's evidence showed that records kept by MDC independently verified MDC management's records of the absences which resulted in Mounts' termination. Furthermore, the Union showed that the decision to settle Mounts' grievance was based on the recommendation of an experienced mediator and on the Union's own experience with grievances based on attendance records. MDC also submitted an affidavit showing that the union took steps to correct records that mistakenly classified some of Mounts' absences as unexcused. Moreover, after Mounts was initially terminated, the Union negotiated an arrangement in which MDC re-hired Mounts, subject to a "last-chance" agreement.
 
 
 8
 Accordingly, the district court did not err by granting summary judgment to defendants on Mounts' claim that IAM breached its duty of fair representation. See Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995), cert. denied, 116 S.Ct. 1261 (1996).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3